IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDMOUND CALLOWAY, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA, et al., | : | NO. 10-5660 |
| Respondents. | : | |

**REPORT AND RECOMMENDATION**

**LINDA K. CARACAPPA**
**UNITED STATES MAGISTRATE JUDGE**

Now pending before this court is a petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, by a petitioner currently incarcerated in the State Correctional Institution in Somerset, Pennsylvania. Within petitioner's petition for Writ of Habeas Corpus, petitioner requests a stay and abeyance of the habeas proceedings. For the reasons which follow, it is recommended that the petition for habeas corpus relief be DENIED and DISMISSED. It is also recommended that petitioner's request for stay and abeyance be DENIED.

I.      PROCEDURAL HISTORY

On April 4, 1996, following a jury trial in the Philadelphia Court of Common Pleas, petitioner was convicted of first degree murder, possessing instruments of crime, and aggravated assault. These charges stem from the shooting death of Tyrone Hills and the beating of Richard McCray in April 1995. Thereafter, on September 5, 1996, petitioner was sentenced to life imprisonment for the first degree murder charge and a consecutive sentence of seven to

1

fourteen years imprisonment for the aggravated assault charge.

Petitioner filed a direct appeal to the Pennsylvania Superior Court. On March 23, 1998, the Superior Court affirmed petitioner's judgment of sentence. Petitioner did not appeal that decision to the Pennsylvania Supreme Court. Petitioner's conviction became final on April 22, 1998, when petitioner's thirty day time period to appeal to the Pennsylvania Supreme Court expired.

On June 4, 1999, petitioner filed a petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*. Counsel was appointed and subsequently filed a "no merit" letter in accordance with Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court dismissed petitioner's PCRA petition on April 11, 2003. Petitioner subsequently appealed the PCRA court's ruling. On October 1, 2004, the Superior Court affirmed the PCRA court's dismissal of the petition. Petitioner did not seek allocatur to the Pennsylvania Supreme Court.

On November 10, 2009, petitioner filed a second PCRA petitioner with the Court of Common Pleas asserting newly discovered evidence claims. This petition is still pending in state court.

In October of 2010, petitioner filed the instant petition for habeas corpus relief, alleging:

(1) Petitioner discovered an eye-witness who was present and witnessed the crime of which petitioner was convicted, said witness claims petitioner did not commit the crime and that the eye-witness's fingerprints would have been on the car; and

(2) Petitioner discovered that the victim, Richard McCray, sued a taxi-cab company for his injuries that the victim accused petitioner of committing

and petitioner recently discovered medical records to prove that the victims did not have head injuries as he claimed to the police.

Petitioner also filed a motion for a stay and abeyance while the state court decides petitioner's second PCRA petition. Respondents argue that all of petitioner's claims are procedurally defaulted and that the petition is untimely. Respondents further argue that petitioner's motion for a stay should be denied. We agree that petitioner's habeas petition is untimely and should be dismissed, and further agree that petitioner's motion for a stay should be denied.

II.   TIMELINESS

Petitioner's allegations of substantive grounds for relief need not be examined, as these claims are barred by the procedural obstacle of timeliness. A strict one-year time limitation on the filing of new petitions is set forth in the federal habeas statute, 28 U.S.C. § 2241, *et seq.*, which was amended under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), enacted in April 24, 1996. Under section 2244(d), the AEDPA provides:

> A 1-year period of limitation shall apply to an application for a Writ of Habeas Corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could

have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) (1996).

This statute also creates a tolling exception, which notes that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2254(d)(2). A "properly filed application" is "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). If a petitioner files an out-of-time application and the state court dismisses it as time-barred, then it is not deemed to be a "properly filed application" for tolling purposes. Merrit v. Blaine, 326 F.3d 157, 165-66 (3d Cir. 2003).

Applying the AEDPA limitations period to the instant case, petitioner's judgment of sentence became final on April 22, 1998, when the time for petitioner to appeal to the Pennsylvania Supreme Court expired. Thus, petitioner's one year limitations period in which to file for habeas corpus relief began to run on April 22, 1998. Absent tolling of the limitation period, petitioner had until April 22, 1999, to file a § 2254 habeas petition. Petitioner filed an untimely PCRA petition for collateral relief on June 4, 1999, a month and a half after the one year time for filing a timely PCRA petition had past. The Superior Court affirmed the PCRA court's dismissal of the petition October 1, 2004. Petitioner filed a second untimely PCRA petition on November 10, 2009. Petitioner's two attempts at obtaining collateral relief did not, however, toll the habeas limitations period. A timely habeas petition was due to be filed by April 22, 1999, which was *prior to* the filing of both of petitioner's PCRA petitions. The instant

4

petition was filed more than a decade after the AEDPA statute of limitations expired and must be dismissed as untimely without consideration on the merits.

Petitioner cannot satisfy any of the statutory exceptions to the federal limitations period set forth in §2244(d)(1)(B)-(D). Petitioner does not assert any claim that relies on a new rule of retroactively applicable constitutional law and does not allege any state action prevented him from filing his petition. See §2244(d)(1)(B)-(C). Petitioner, vaguely attempts to claim that he meets the newly discovered evidence exception. The start date for the one-year limitations period runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." §2244(d)(1)(D). Petitioner claims there is a new witness who claims she knows petitioner did not commit the crime and that newly discovered medical records show that the beating victim did not have head injuries like the victim claimed. Petitioner fails to provide the court with any solid evidence to support these claims. Petitioner provides no evidence as to why this witness could not be located for over a decade after the statute of limitations had run on the habeas petition. Petitioner fails to provide the court with a signed affidavit from this witness and claims that the witness is too scared to testify. The medical records that petitioner claims are newly discovered existed at the time of petitioner's trial. Petitioner claims that the beating victim filed a civil lawsuit in 1997 unrelated to this case. Petitioner claims that the medical records from that civil lawsuit show that the victim did not have a head injury. Petitioner claims that the medical records are newly discovered evidence because he did not request them until 2009. However, that civil law suit took place in 1997 and the medical records were from 1995. Petitioner has failed to show the medical records were not discoverable until now. These claims of newly discovered evidence are

not supported enough to statutorily toll the one year time limitation for filing a habeas petition.

While the instant petitioner is unable to sufficiently toll the habeas limitations period statutorily, the principle of equitable tolling may enable him to overcome the limitations period. The Third Circuit has held that the statute of limitations in the AEDPA is subject to equitable tolling. <u>Merrit</u>, 326 F.3d at 168. Equitable tolling is proper only when the "principles of equity would make [the] rigid application [of a limitation period] unfair." <u>Id.</u> (quotation omitted). The petitioner "must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient." <u>Miller</u>, 145 F.3d at 618-619 (internal quotation omitted). The Third Circuit has set forth three circumstances permitting equitable tolling: (1) if the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights, but has mistakenly done so in the wrong forum. <u>Jones v. Morton</u>, 195 F.3d 153, 159 (3d Cir. 1999) (internal quotations omitted). "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." <u>Fahy v. Horn</u>, 240 F.3d 239, 244 (3d Cir. 2001), <u>cert. denied</u>, 122 S. Ct. 323 (2001) (citing cases). To otherwise apply equity would lose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation." <u>Harris v. Hutchinson</u>, 209 F.3d 325, 330 (4th Cir. 2000).

Petitioner, here, has failed to allege, let alone demonstrate, that any valid circumstances exist to equitably toll the AEDPA statute of limitations. Therefore, we decline to exercise our equitable tolling powers, and reiterate that petitioner's request for habeas corpus

relief is time-barred. Accordingly, the instant petition for habeas corpus relief should be dismissed in its entirety.

With respect to petitioner's request for stay and abeyance, petitioner's claims are technically unexhausted, as petitioner's two habeas claims were raised in petitioner's second PCRA petition, which is still pending with the state court.

In <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), the Supreme Court approved a stay-and-abeyance procedure, under which a district court may stay a habeas petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. <u>Id</u>. at 275. Regardless of the claims raised in petitioner's second PCRA petition, due to the time bar, the state court's eventual ruling on this does not affect our review of petitioner's request for stay.

We do not believe a stay of the instant habeas petition is warranted here because the petition is untimely. In discussing the circumstances in which a stay is appropriate, both the Supreme Court and the Third Circuit have noted the timeliness of the habeas petition. <u>See</u> <u>Rhines</u>, 544 U.S. at 275; <u>Crews v. Horn</u>, 360 F.3d 146, 150 (2004). Moreover, the court has denied motions for stay where the habeas petition ultimately was found to be untimely. <u>Postley v. Rozum</u>, 2009 WL 5217074, at *5 (E.D. Pa. Dec. 30, 2009), <u>Jones v. Piazza</u>, 2007 WL 789597, *4 (E.D. Pa. Mar. 13, 2007), <u>Frazier v. Stickman</u>, 389 F.Supp 2d 623, 627 (E.D. Pa. Aug. 19, 2005)(refusing to grant a stay where the AEDPA limitations period expired *before* the pending PCRA petition was filed). Based on the foregoing, a stay-and-abeyance is inappropriate in the instant case. While a stay of the habeas petition is not warranted, petitioner is not precluded from filing a subsequent habeas petition should some equitable tolling exception exist to

overcome the AEDPA statute of limitations.

Therefore, I make the following:

## RECOMMENDATION

AND NOW, this 31st day of March, 2011, IT IS RESPECTFULLY RECOMMENDED that the petition for Writ of Habeas Corpus be DENIED AND DISMISSED. It is also RECOMMENDED that a certificate of appealability not be granted.

The petitioner may file objections to this Report and Recommendation. See Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

_____
LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE